Opinion by Keefe, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

No. 51137.—Protests 70925–K, etc., of Bel Paese Sales Co., Inc., et al. (New York).

Opinion by Keefe, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

No. 51138.—Protest 47446–K of Samuel Shapiro & Co., Inc. (Baltimore).

Opinion by Ekwall, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.

No. 51139.—Protest 41985–K of Samuel Shapiro & Co., Inc. (Baltimore).

Opinion by Ekwall, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.

No. 51140.—Protests 41984–K, etc., of Samuel Shapiro & Co., Inc. (Baltimore).

Opinion by Ekwall, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exporta-

tion (the "free" rate of exchange for pounds sterling), as certified by the ·ederal Reserve bank and set forth by the collector on each of the entries. The ·.otests were sustained to this extent.

MAY 15, 1946

**No. 51141.—**—Protest 92253–K of Fung Chong Co. Abstract 50979. Motion of Government for rehearing denied.

**No. 51142.—**—Protests 76423–K, etc., of Columbia Co. et al. Abstract 50980. Motion of Government for rehearing denied.

**No. 51143.—**—Protest 985847–G of Chong Sing & Co. Abstract 50981. Motion of Government for rehearing denied.

MAY 15, 1946

**No. 51144.—SUIT 4520.—**—United States v. Water Treatment Co. of America (Gurge & Co.). C. D. 929 reversed March 30, 1946. C. A. D. 332.

MAY 16, 1946

**No. 51145.—SUIT 4500.—**—United States v. J. E. Bernard & Co., Inc. C. D. 887 reversed March 30, 1946. C. A. D. 331.

**No. 51146.—SUIT 4513.—**—United States v. Wm. S. Pitcairn Corp. Reap. Dec. 6121 affirmed March 30, 1946. C. A. D. 334.

**No. 51147.—SUIT 4516.—**—United States v. Julius Kayser & Co. C. D. 925 affirmed March 30, 1946. C. A. D. 333.

**No. 51148.—SUIT 4525.—**—United States v. Sherbrook Distributing Co. C. D. 935 modified March 30, 1946. C. A. D. 330.

BEFORE THE FIRST DIVISION, MAY 23, 1946

**No. 51149.—**Petition 6498–R of Herbert Schulenberg (New York).

COLE, Judge: The provisions of section 489, Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1489), are invoked in this case to obtain the remission of additional duties accruing by reason of the final appraised values exceeding the entered values of decalcomanias imported from Germany and entered at the port of New York.

The case concerns two entries, each relating to a shipment from a different German manufacturer. Both were the subject of reappraisement proceedings (Reappraisement Nos. 139289–A and 139290–A), wherein the parties submitted an agreed set of facts from which the court found a value higher than the importer's entered value. *Herbert Schulenberg* v. *United States*, 13 Cust. Ct. 415, Reap. Dec. 6077. The question before us is whether, in the entry of the merchandise, petitioner exercised such good faith as is required by the statute. *Kachurin Drug Co.* v. *United States*, 26 C. C. P. A. 356, C. A. D. 41.